IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CHRISTINE MONAHAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; LILLIAN TAYLOR, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; AND RENEE IANNOTTI, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED;<br>*Plaintiffs,*<br><br>*v.*<br><br>SOUTHWEST AIRLINES COMPANY,<br>*Defendant.* | §§§§§§§§§§§§§§§§§<br><br>W-21-CV-00887-ADA-DTG |

## ORDER GRANTING DEFENDANT'S MOTION TO STAY

Came on for consideration this date is Defendant's Motion to Stay, Transfer, Dismiss, and Strike (ECF No. 12). After careful consideration, the Parties' briefs, the applicable law, and the arguments made at the June 27, 2022 hearing, the Court **GRANTS-IN-PART** Defendant's Motion, and will Stay this case until the Fifth Circuit issues its opinion in *Damonie Earl et al. v. The Boeing Company and Southwest Airlines Co.*, No. 21-40720 (5th Cir. Dec. 22, 2021) (hereinafter "the *Earl* Appeal.")(*see* ECF No. 23, Notice of Fifth Circuit Proceedings in the Related Earl Case, at 1). The Parties are to provide the Court with a status report within seven (7) days after an opinion issues in the Earl Appeal.  )

### I. BACKGROUND

On August 21, 2021, Plaintiffs Christine Monahan, Renee Iannotti, and Lillian Taylor (collectively "the Named Plaintiffs") filed the present action against Defendant Southwest Airlines Co. as individuals and on behalf of all others similarly situated. ECF No. 1 at 1. The Named

Plaintiffs are pursuing a state breach of contract claim against Southwest arguing that Southwest violated its contract of carriage ("CoC") by flying the purportedly unsafe and defective Boeing 737 MAX, by not sufficiently training its pilots, and by violating FAA regulations. *Id.* at 6. Southwest asks this Court to grant, *inter alia*, a stay in this case under the First-to-File Rule, pending a final resolution of the *Earl* case. This Motion is now ripe for adjudication.

## II. LEGAL STANDARD

The First-to-File Rule is a tool that authorizes the federal court with the latter-filed case to stay the case before it when there is a substantial overlap between the two. *See West Gulf Mar. Ass'n v. ILA Deep Sea Local 24 et al.*, 751 F.2d 721, 728 (5th Cir. 1985). The rule is based on principles of comity and judicial efficiency. Its main purpose is "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *See Gonzalez v. United Health Grp., Inc.*, No. 6:19-cv-00700-ADA, 2020 WL 2992174, at *1.

The Fifth Circuit analyzes the following factors when determining if there is sufficient substantial overlap: (i) whether the core issue is the same; or (ii) whether the operative facts are so similar that the proof required would likely be the same. *See Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011). When looking at these factors, "where the overlap between two suits is less than complete, the judgment is made case by case, based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." *Id.* (internal citation omitted). It is not necessary for the complete identity of the parties and issues presented to be identical. *See Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 951 (5th Cir. 1997). Instead, the main focus is whether there are "closely related questions or common subject matter." *Id.*

## III. ANALYSIS

Southwest contends that significant overlap exists between the *Monahan* and *Earl* case because they arise from the same three core certification issues: 737 MAX airworthiness and safety, pilot training, and FAA regulations. ECF No. 12 at 13-15. The *Earl* case is currently on stay in the Eastern District of Texas pending the defendant's appeal to the Fifth Circuit concerning the *Earl* class. ECF No. 23 at 1. Even though the *Earl* case concerns a RICO claim with Boeing and Southwest Airlines, Southwest argues that the operative facts still significantly overlap despite the different legal theories. ECF No. 20 at 3. Southwest posits that the two cases share the same pleaded classes, the same requested recovery method, the same core liability and facts, and the same fundamental standing concerns. *Id.* Additionally, Southwest argues that none of the discretionary factors disfavors the application of the First-to-File Rule, because staying the case would still allow the Plaintiffs to pursue their breach of contract claim. *Id.* at 9.

In response, the Named Plaintiffs maintain that the *Earl* and *Monahan* cases do not substantially overlap because the legal theories are vastly different, with *Earl* being a RICO claim and *Monahan* being a breach of contract claim. ECF No. 17 at 9. Plaintiffs state that a RICO claim is much more complex compared to a breach of contract claim, as it deals with issues such as a pattern of racketeering, predicate acts of fraud, and the existence of an enterprise. *Id.* The Plaintiffs argue that parties and classes are not the same. *Id.* at 13. The Plaintiffs also claim that Southwest "cherry-picks" the three issues mentioned above and that there is only a "superficial" overlap between the two cases. *Id.* at 10. Additionally, the Plaintiffs argue that even if any minor overlaps exist between the *Earl* and *Monahan* cases, the overlap pales in comparison to the vast dissimilarities between the two. *Id.* Plaintiffs point to how any evidence that may overlap between the two actions would additionally be used in different ways to prove different elements. *Id.* at 10-

11. Furthermore, the Plaintiffs argue that even if the Court found the First-to-File Rule to be applicable, the discretionary factors "clearly disfavor" the application of the rule. *Id.* at 16. Plaintiffs claim that applying the rule would "significantly jeopardize the putative class's ability to prevail on its breach of contract claim," which is not at issue in *Earl*. *Id.*

The Court, however, does not find Plaintiffs' arguments persuasive. The Court agrees with Southwest that the primary issues and operative facts at issue in the *Monahan* and *Earl* cases overlap substantially, which makes a stay here appropriate. As Southwest convincingly demonstrates, there are significant similarities between the *Earl* and *Monahan* pleadings. ECF No. 12 at 10-17. While Plaintiffs attempt to rebut Defendant's "cherry-picked" issues it claims are substantial, this argument ultimately fails because, Plaintiff concedes that Southwest touts plane safety, properly trained pilots, and compliance with government safety regulations and that the Plaintiffs suffered a breach of contract. ECF No. 17 at 3. Plaintiffs further attempt to distinguish *Earl* by arguing that even if the evidence will "touch" both cases, it would do so in completely different ways. *Id.* at 10-12. However, the "proof adduced" of the operative facts would most certainly be similar because of the three overlapping core issues: of 737 MAX airworthiness, pilot training, and FAA regulatory compliance.

The Fifth Circuit is poised to hear arguments concerning the *Earl* case's four certified classes today (July 5, 2022). At the June 27, 2022, hearing, Plaintiffs conceded that the Fifth Circuit's decision is bound to change the landscape of this case, no matter what its outcome is. The Court agrees. . In doing so, the Fifth Circuit will resolve overarching issues such as Article III standing and requested recovery, both of which share significant overlap with the present action. ECF No. 23-1 at 1. On December 22, 2021, The Fifth Circuit ordered a stay of all trial court proceedings in the *Earl* Case pending resolution of the *Earl* Appeal, and specifically noted that

"Boeing and Southwest have made a strong showing that our court is likely to reverse the class-certification decision." *Id.* at 1-2. In granting the stay, the Fifth Circuit did not believe a stay would prejudice the *Earl* plaintiffs, because they "only seek money damages," and it is "not apparent why the plaintiffs would be prejudiced by waiting." *Id.* at 6. In light of the *Earl* appeal, substantial overlap between the cases, and particularly the Fifth Circuit's issuance of a stay in the underlying *Earl* case, this Court GRANTS-IN-PART Southwest's Motion to Stay. The Fifth Circuit's opinion in the *Earl* case will undoubtedly provide much needed clarity as to how this Court should proceed.

Therefore, this Court orders the above-captioned case be STAYED until the issuance of a of the Fifth Circuit's opinion in the *Earl* Appeal, at which time the parties are to provide the Court with a status report within seven (7) days of the issuance of the opinion. The Court will then set a status conference to determine how this case should proceed. If either party feels that anything arising out of oral arguments in the *Earl* Appeal impacts the stay of this case, the parties are welcome to each file a three-page letter to this Court by July 8th.

## IV. CONCLUSION

For the foregoing reasons, this Court **GRANTS-IN-PART** Southwest's Motion to Stay under the First-to-File Rule, and hereby stays the present action until the issuance of the Fifth Circuit's opinion in the *Earl* appeal.

SIGNED this 5th day of July, 2022.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE